UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SAMUEL J. HARPER *et al.*                                                              PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:10CV-P735-S

OLDHAM COUNTY JAIL                                                              DEFENDANTS

# MEMORANDUM OPINION

Plaintiffs Samuel J. Harper and Gualberto Telles filed this action together without the assistance of counsel pursuant to 42 U.S.C. § 1983. Plaintiff Harper is a pretrial detainee and Plaintiff Telles is a convicted inmate. They are both incarcerated at the Oldham County Jail. This matter is before the Court for *sua sponte* screening of the complaint (and its supplements and amendments) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, Plaintiffs' claims will be dismissed.

## I. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF CLAIMS

### A. Original Complaint

Plaintiffs name the following Oldham County Jail employees as Defendants in their original complaint: Jailer Michael Simpson, Jessica Childress, and Jeff Tindall. Defendants

2

Simpson and Tindall are sued in both their official and individual capacities. Defendant Childress is sued in her official capacity only. Additionally, Plaintiffs also name as Defendants the Oldham County Jail and the City of LaGrange, Kentucky.

In the complaint, Plaintiffs state that Defendant Childress routinely deducts funds from their prison accounts for per diem fees. They maintain that "[t]he fee of $30 per day to remain in jail against one's wishes is clearly unconstitutional," and explain that Defendants Simpson and Tindall refuse to take any action to halt this procedure.

Plaintiffs also complain that Defendant Tindall "harasses" them by placing them in segregation and by making fun of the shape of Plaintiff Telles's head.

Finally, they state that Telles "has been deprived of psychotropic medications." They imply Defendant Tindall is responsible for the missed medications.

**B.     Amended Complaint**

On or about February 23, 2010, the Court received an amended complaint signed only by Plaintiff Harper. In a letter accompanying the amended complaint, Harper states that he is dropping Telles as a plaintiff because he does not know his whereabouts.

In the amended complaint, Harper dismisses the City of LaGrange as a Defendant and adds Oldham County as a Defendant.

With respect to the per diem fees, the substance of the allegations is the same. Harper simply adds that in addition to the Eighth Amendment, he believes charging per diem fees also violates the First, Fourth, Fifth and Fourteenth Amendments.

Harper also alleges that Defendant Tindall has further violated his rights by refusing to process his grievances and by placing him, a white inmate, in a cell with nine African-American inmates and no other white inmates. He does not indicate that he was harmed, but asserts that

3

this endangered his safety. And, on another occasion, he claims Defendant Tindall verbally assaulted him with "inflammatory dialogue."

### III. PARTIES

Plaintiff Harper cannot unilaterally drop Plaintiff Telles from this action. While they filed the action together, each signed his own name to the original complaint. Harper is not a lawyer. As such, he cannot make legal decisions in this case that affect Tellles's rights. *See Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004).

The Court has reviewed the record. Apart from Harper's letter, there is no indication that Telles has decided to abandon his claims. Thus, Telles is still considered a party to this action.

### IV. ANALYSIS OF CLAIMS

Plaintiffs brought suit under 42 U.S.C. § 1983. Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). To state a valid § 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail. *Id.*

**A.    Oldham County Jail**

Municipal departments, such as jails, are not amenable to suit under § 1983 because they are not considered "persons." *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Accordingly, Plaintiffs have failed to state a viable claim for relief against the Oldham County Jail. Their claims against it

4

will be dismissed.

B.     **Individual-Capacity Claims Against Defendant Tindall**

Plaintiffs allege the following individual-capacity claims against Defendant Tindall: 1) he verbally harassed them on various occasions; 2) he placed them in segregation; 3) he refused to process Plaintiff Harper's grievances; 4) he placed Plaintiff Harper in a cell that contained only African-American inmates and no other white inmates; and 5) he caused Plaintiff Telles to miss an unidentified number of doses of his medications.

   **1)     Verbal Harassment**

Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

   **2)     Placement in Segregation**

"'Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002) ("Merchant presented no evidence that he was denied basic human needs or was otherwise subjected to cruel and unusual punishment by virtue of the conditions in administrative detention or disciplinary segregation.").[1]

   **3)     Refusal to Process Grievances**

---

[1] Because Plaintiff Harper is a pretrial detainee, the Eighth Amendment technically does not apply to him as it applies only to convicted inmates. Pretrial detainees, however, are guaranteed analogous rights under the substantive Due Process Clause of the Fourteenth Amendment. *See Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).

5

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).

**4-5) Cell Placement & Missed Medications**

Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has "indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Plaintiffs have not alleged that they suffered any physical injury as a result of either the cell placement or the missed medications. As such, these claims fail as well.

**C.    Individual-Capacity Claims against Simpson**

Defendant Simpson is the jailer. According to Plaintiffs, he was aware of the per diem deductions, but failed to take any action to stop them. Plaintiffs cannot hold Defendant Simpson liable simply because he may have exercised supervisory control. "Respondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470

(6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee*, 199 F.3d at 300. As such, Plaintiffs' individual-capacity claims against Defendant Simpson must be dismissed.

**D.    Official-Capacity Claims and Claims Against Oldham County and/or the City of LaGrange**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Simpson, Childress, and Tindall are, therefore, treated the same as their claims against Oldham County/LaGrange. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Under *Monell*, the Supreme Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom. A county is considered a municipal entity for the purposes of § 1983. *L.A. County v. Humphries*, - - U.S.- -,131 S. Ct. 447, 178 L. Ed. 2d 460 (2010).

Upon review of Plaintiffs' complaint, the Court finds that Plaintiffs have alleged that the collection of per diem fees amounts to a policy. They claim the policy violates the First, Fourth,

7

Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

1. **First Amendment**

The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

The Court is at a loss as to how Plaintiffs maintain that collection of per diem fees violates the First Amendment, and Plaintiffs have not explained the legal basis of this claim. As such, Plaintiffs' First Amendment claim will be dismissed.

2. **Fourth Amendment**

"Since the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason, any losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation." *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring); *see also Thieleman v. County of Aransas Tex.*, Civil No. CC-08-78, 2010 U.S. Dist. LEXIS 14536, at *5 (S.D. Tex. Feb. 17, 2010) (dismissing claim that taking money from prisoner's account constitutes illegal seizure "because plaintiff is in prison, and as such, he is no longer guaranteed the protections of the Fourth Amendment"). Thus, Plaintiffs fail to state a cognizable Fourth Amendment claim with respect to the deduction of per diem fees.

3. **Fifth Amendment**

The Sixth Circuit holds that charging inmates per diem or co-pay fees does not violate the Fifth Amendment because the inmates receive services (housing, food, and medical care) in

exchange for the fees. *See Bailey v. Carter*, 15 F. App'x 245 (6th Cir. 2001). Accordingly, Plaintiffs have not alleged a viable Fifth Amendment takings claim.

　　　　4.　　**Eighth Amendment**

A violation of the Eighth Amendment only occurs if the prison or jail conditions the right to receive necessary care or necessities on the payment of such fees. *See Reynolds v. Wagner*, 128 F.3d 166, 173-174 (3d Cir. 1997); *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."). In this case, Plaintiffs have not alleged that if they failed to pay the per diem fee they would be denied medical care or necessities. As such, they have failed to state an Eighth Amendment claim.

　　　　5.　　**Fourteenth Amendment**

Plaintiffs' claims fall within the purview of the Fourteenth Amendment's protection, which provides that the state may not deprive a person of his property without due process of law. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). An inmate may, however, bring a due process claim without showing that the state possesses an adequate post-deprivation remedy where the state employee deprived the prisoner of property, pursuant to "an established state procedure." *Id.* at 534.

In those circumstances, the Supreme Court opined that the state can provide a predeprivation hearing. *Id.* Yet, under this rationale merely because the individual employee

himself may foresee the intentional deprivation, his foresight alone is simply insufficient to hold the state itself liable. Rather, "[t]he controlling inquiry is solely whether the state is in a position to provide for predeprivation process." *Id.*

The Sixth Circuit has held that the Federal Constitution does not require the state to provide inmates with a predeprivation hearing prior to assessing fees against them. In *Sickles v. Campbell County*, 501 F. 3d 726, 730 (6th Cir. 2007), the Sixth Circuit explained that a predeprivation hearing was not required because: 1) the private interests at stake are "small in absolute and relative terms;" 2) the risk of erroneous deprivation is small; 3) the benefits of a predeprivation hearing are small; and 4) the government's interests--sharing the costs of incarceration and furthering offender accountability--are substantial.

As such, the Sixth Circuit held that "in view of the modest private interests at stake, the small risk of error, the limited benefits of additional safeguards and the unchallenged government interests in the policy, we see no need to 'constitutionaliz[e] . . . [these] government procedures' and to impose the 'additional cost in terms of money and administrative burden' that such a predeprivation procedure would require." *Id.* at 731 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 347 (1976)).

Thus, the case law in this circuit is clear that the Oldham County Jail was not required to

provide Plaintiffs with a predeprivation hearing before assessing the per diem fees. As such, their Fourteenth Amendment procedural due process rights were not violated.

## V. Conclusion

For the reasons set forth above, the Court will dismiss all of Plaintiffs' claims by separate Order.

Date:

cc: Plaintiffs, *pro se*
 Defendants
 Oldham County Attorney
4411.008