UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SAMUEL J. HARPER                                                                  PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:10CV735-S

JEFF TINDALL                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Samuel J. Harper, *pro se*, for leave to file an amended complaint in this civil rights action.

Harper alleged that various incidents occurred during his detention in the Oldham County Jail, including verbal abuse and harassment, failure to protect him from inmate violence, the imposition of excessive fees, and his placement in segregation without due process. This court dismissed the complaint for failure to state a claim for relief which was plausible on its face. The United States Court of Appeals for the Sixth Circuit affirmed the dismissal of Harper's claims with the exception of the claim concerning his placement in segregation. The Court of Appeals found that Harper's claim was "essentially that his placement in segregation violated his due process rights because the [Oldham County] jail maintained no disciplinary procedure." *Harper v. Oldham County Jail*, No. 11-5517, 12/15/11 Order, p. 5. The court concluded that "[u]nder the standards set forth in *Bell [v. Wolfish*, 441 U.S. 520, 535 (1979)], Harper's allegations that he was placed in segregation for one week without explanation was adequate to 'state a claim to relief that is plausible on its face' at the § 1915A(b) screening stage." 12/15/11 Order, p. 5. Thus, on remand, the single claim

remaining in this case concerns Harper's placement in segregation in the Oldham County Jail from October 12 - 18, 2010. Harper contends that Oldham County Jail did not have an "administrative process" in place at the time he was placed in segregation. He contends he was placed in segregation without any statement as to the reason, and without any recourse.

Harper seeks leave to amend his complaint to add allegations challenging the conditions of confinement.[1] (*See* Conf. Statement, DN 75; Mo. to Am., DN 92). Not only are these claims beyond the scope of the Fourteenth Amendment claim remanded by the Court of Appeals, but Harper has failed to aver that he exhausted administrative remedies with respect to these lately-raised claims. *See, Franklin v. Rees*, No. 4:06CV-P57-M, 2006 WL 3524138, *2 (W.D.Ky. Dec. 5, 2006).

Harper stated in his reply brief that at the time of his segregation, "a blank sheet of paper was handed to the inmates" for documenting grievances, but that grievances were not addressed. DN 97, p. 2. Harper attached a "blank makeshift grievance form" to his reply brief herein (DN 97) which he alleges he made on October 13, 2010, the day after his segregation began, challenging Tindall's removal of Harper's pens, paper, envelopes, and mail when he was placed in segregation. By his own admission, Harper was able to obtain a blank piece of paper and a pencil and attempt to present this grievance to Major Cathy Jones. However, his "makeshift form" stated nothing about being denied hygiene products, receiving meals in styrofoam containers, being deprived of breakfast twice, being subjected to crude comments and harassing music, or being denied depression medication. This litany of complaints Harper now raises for the first time in his June 2012 conference statement. Such claims were not raised in Harper's original complaint filed in 2010. Harper's "makeshift form"

---

[1] Harper's has withdrawn his claim that Sergeant Tindall solicited another inmate to physically harm Harper. DN 97, p. 3.

clearly indicates, however, that in October of 2010, Harper was fully capable of drafting grievances to address his complaints and was knowledgeable about presenting such matters, despite his contention that grievances "were never returned." DN 97, p. 3. In the absence of evidence that any of the purported conditions of his confinement which are now asserted were ever previously raised by Harper, we must find them unexhausted.

> "The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Braswell v. Corr. Corp. of Am.,* No. 09-0691, 2009 WL 2447614, at *7 (M.D.Tenn. Aug. 10, 2009)(citing *Brock v. Kenton Cnty.,* 93 Fed.Appx. 462, 467 (6th Cir. 2010)(noting that prisoner attempted to file a grievance and "was told Policy 501.01 would not allow it"); *Flournoy v. Schomig,* 152 Fed.Appx. 240, 242 (6th Cir. 2005)(excusing the exhaustion requirement because the prisoner had filed a grievance with the jail, contacted prison personnel, and submitted documents from other prisoners stating that the jail had refused to accept medical grievances).

*Napier v. Laurel County, Kentucky*, 636 F.3d 218, 223-24 (6th Cir. 2011).

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Samuel J. Harper, for leave to amend his complaint (DN 92) is **DENIED.**

**IT IS SO ORDERED.**

```
cc:   Plaintiff, pro se
      Counsel of Record
```